**UNITED STATES of America,**
**Appellee,**

v.

**James Edward BROWN, Appellant.**

**No. 73–2075.**

United States Court of Appeals,
Ninth Circuit.

Nov. 28, 1973.

P. Vernon Zeitsoff, Deputy Federal Public Defender, Kenneth L. Collins (argued), Deputy Federal Public Defender, Los Angeles, Cal., for appellant.

Darrell MacIntyre, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

This bank robbery conviction is here for the second time. See United States v. Brown, 475 F.2d 91 (9th Cir. 1973). The sole remaining issue is the legality of Brown's arrest. On remand for determination of that question, the district court found that the F.B.I. agents had probable cause to arrest Brown. We agree, and affirm.

Brown, who was suspected of participating in a bank robbery in Los Angeles, was under surveillance in New York. The investigation had progressed to the point that F.B.I. agents in California had applied for an arrest warrant. Before the warrant could be obtained, however, the agents, by telephone, caused Brown to be arrested in New York.

Because the arrest was without a warrant, the government attempted at the suppression hearing to show that the agents had probable cause to arrest Brown without a warrant. The government placed in evidence its complaint and affidavit, and rested. This procedure was dangerous, because it denied the trial court the benefit of any information known to the agents but not included in their sworn complaint and affidavit for the unused arrest warrant.

We quote from the relevant portion of the affidavit:

"On November 25, 1970, the Security Pacific National Bank, 805 N. Highland Avenue, Los Angeles was robbed by three negro males who were armed. I am advised that two of the robbers were wearing sunglasses during the robbery and that after the robbery the robbers left the bank and entered a black and blue Buick automobile that was waiting outside the bank.

"A car matching the description of the one used by the robbers was found abandoned in a carport. The car was found five blocks from the bank in a neighborhood where at a time shortly before the robbery, a witness had seen three negro males driving slowly up and down the street looking around in an apparent effort to find an off-the-street parking spot.

"I am informed by the FBI Criminal Identification Division in Washington, D.C. that latent fingerprints found on a pair of sunglasses that were on the board of the abandoned car were determined to be those of JAMES EDWARD BROWN, a negro male matching the description of one of the two robbers who wore sunglasses during the robbery.

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

"That I am informed by several witnesses that BROWN is a close associate of Theodore Smith who is wanted by the FBI for the robbery of a Bank of America branch in Los Angeles on October 30, 1970. The latter robbery involved two armed negro males."

Thin as the affidavit is, it contains sufficient facts to support a finding that an officer in possession of the facts recited in it would have probable cause to arrest the person named.

"Arresting officers have probable cause if, at the moment of arrest, 'the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the * * * [arrested person] * * * had committed or was committing an offense.' Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)." United States v. McDowell, 475 F.2d 1037, 1039 (9th Cir. 1973).

Affirmed.